LAURA SPENCER v. JOHN H. FISHER.

(Filed 28 February, 1912.)

**Intoxicating Liquors—Sale to Minors—Pleadings—Allegations—Interpretation of Statutes.**

To sustain an action for exemplary damages under the provisions of the Revisal, sec. 3525, for the sale of intoxicating liquors to minors prohibited by the Revisal, sec. 3524, it is necessary that the person to whom the sale was made be "unmarried," as well as "under the age of 21 years," etc.

APPEAL by plaintiff from *Foushee, J.,* at February Term, 1911, of CRAVEN.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*W. B. McIver for plaintiff.*
*Guion & Guion for defendant.*

CLARK, C. J. This is an action by Laura Spencer, the mother of Carl Spencer, against a banking company and Fisher, its cashier. The complaint alleges that Carl Spencer, the son of the plaintiff, who is a widow, is a minor 17 years of age, and that in April, 1911, a wholesale whiskey dealer in Richmond, Va., shipped nine cases of whiskey to New Bern, N. C., consigned to "order of the shipper," and that said shipper forwarded bills of lading, one for each case, to the defendant with sight draft attached, with the request to "Notify Carl Spencer." That the defendant Fisher was notified by the uncle of said Carl that he was a minor, and said uncle forbade the delivery to him of said bills of lading, but that, notwithstanding, upon payment by said Carl of said drafts, Fisher delivered to him said bills of lading "whereby the title to the whiskey passed to the said Carl Spencer."

The complaint avers that this was a sale of the whiskey to said Carl Spencer in violation of Revisal, 3524, and this action is brought to recover exemplary damages under Revisal, 3525. The court sustained the demurrer that "the complaint did not state a cause of action," and dismissed the action.

The complaint fails to aver that Carl Spencer was "an unmarried person," as required by Revisal, 3524, and hence the judgment dismissing the action must be affirmed. The court, it is true, might have allowed an amendment in this respect, in its discretion, but it seems that it was not asked for.

Action dismissed.